IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JUAN A. RIVERA, JR., | ) | |
| | ) | Case No. 12 CV 8665 |
| Plaintiff, | ) | |
| | ) | Honorable Harry D. Leinenweber |
| v. | ) | |
| | ) | |
| LAKE COUNTY, Illinois, et al. | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS MICHAEL WALLER, JEFFREY PAVLETIC,
MATTHEW CHANCEY, STEVEN McCOLLUM, AND MICHAEL MERMEL'S
REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendants MICHAEL WALLER, JEFFREY PAVLETIC, MATTHEW CHANCEY, STEVEN McCOLLUM, and MICHAEL MERMEL ("the Prosecutor Defendants"), by and through their attorneys James G. Sotos, Elizabeth A. Ekl, Jeffrey N. Given and Elizabeth K. Barton of The Sotos Law Firm, P.C., in reply to Plaintiff's Response to Defendants' Motion to Dismiss, state:

**INTRODUCTION**

Plaintiff has sued five current or former prosecutors from the Lake County State's Attorney's Office, sixteen "Police Defendants," and several municipalities for their alleged roles in Plaintiff's arrest and interrogation. Plaintiff's allegations against all of the Defendants are group-pleaded, conclusory and formulaic, and fail to identify how each Defendant was personally responsible for Plaintiff's injuries. On that basis alone, all of the claims against the Defendants should be dismissed. Independently, the federal claims against the Prosecutor Defendants in Counts I, II, III and VI should be dismissed for several reasons: Counts I and II because the

"coerced confession" claims fail to state a claim or are time-barred; Count III because the Seventh Circuit does not recognize a federal malicious prosecution claim; and Count VI because prosecutors do not have a duty to intervene against police officers.

As explained in co-Defendants' motions to dismiss and replies, which the Prosecutor Defendants adopt, Plaintiff's state law claims in Count VII (malicious prosecution) and Count VIII (intentional infliction of emotional distress) should also be dismissed. Finally, Count X's defamation claim against Defendant Mermel should be dismissed because the alleged defamatory statements are absolutely privileged, are not "of or concerning" Plaintiff, and are constitutionally protected opinion.

## I. THE ENTIRE COMPLAINT SHOULD BE DISMISSED BECAUSE PLAINTIFF'S "GROUP PLEADING" FAILS TO MEET PROPER PLEADING STANDARDS

"To be liable under § 1983, a defendant must be personally responsible for the deprivation of the constitutional right," *Horton v. City of Chicago,* 2012 WL 379770 at *5 (N.D. Ill. Feb. 3, 2012), and Plaintiff must adequately plead personal involvement of each Defendant. *Brooks v. Ross,* 578 F.3d 574, 582 (7th Cir. 2009). As detailed in the Motion to Dismiss of Defendants Held, Boone, Del Re, City of Lake Forest and Village of Buffalo Grove (Dkt. #103) ("the Buffalo Grove Motion"), Plaintiff's improper "group pleading" fails to give fair notice as to what each Defendant is alleged to have done. Buffalo Grove Motion at 2-6. The Prosecutor Defendants, the Lake County Sheriff's Defendants, and Lake County all adopted the Buffalo Grove Motion.

Plaintiff argues he does not need to meet these pleading standards because, due to the "very nature" of the tort, it remains unclear to him which individual Defendants did what to him,

2

and thus he needs discovery to flesh out his allegations. Response at 4-6. Plaintiff is wrong; he has had three criminal trials and, through the discovery afforded him and his trial teams, knows or should know from police reports and other documents, trial testimony, and post-conviction proceedings which Defendants allegedly did what. *See, People v. Rivera,* 777 N.E.2d 369 (2d Dist. 2002).[1] This is not a case like *Rodriguez v. Plymouth Ambulance Service,* 577 F.3d 816 (7th Cir. 2009), cited by Plaintiff for the proposition that where a plaintiff is injured "as a consequence of the actions of a collective body, identification of the responsible party may be impossible without pretrial discovery." Response at 6. In *Rodriguez,* plaintiff was a *pro se* inmate who alleged that treatment he received at a hospital by various unnamed staff members violated the Constitution; "under these circumstances," plaintiff was given "the opportunity to engage in limited discovery to ascertain the identity of these staff members." 577 F.3d at 832. Here, Plaintiff is not *pro se*, has had extensive discovery in connection with his three criminal trials, and knows the identity of the Police Defendants. Plaintiff cannot bury his head in the sand and rely on inapposite case law to avoid meeting his obligation to plead the personal involvement of each Defendant by alleging what each Defendant allegedly did.[2]

---

[1] Indeed, the opinion recounts the actions and testimony of several Defendants. 333 N.E.2d at 362-63; *see also, People v. Rivera,* 962 N.E.2d 53, 56-58 (2d Dist. 2011) (same).

[2] Contrary to Plaintiff's assertion, Defendant Mermel has not argued the Complaint establishes he was not involved in Plaintiff's arrest and interrogation. Response at n.3. Just the opposite: although Plaintiff knows full well that Mermel became involved with Plaintiff's prosecution long after Plaintiff was charged, the Complaint's group pleading still lumps Mermel in with the other Defendants alleged to have participated in Plaintiff's pre-charging interrogation. Once more, Plaintiff seeks to take advantage of liberal pleading rules to ignore the actual facts of the case. Such bad faith pleading is not addressed in the motion to dismiss, but may be the subject of later, appropriate litigation.

Plaintiff also incorrectly argues the Complaint is sufficient because it identifies "subsets" of Defendants and that "[u]nder Seventh Circuit law, an allegation explicitly directed at all or a particular subgroup of defendants is sufficient to plead personal involvement." Response at 4, citing *Brooks v. Ross,* 578 F.3d at 582. However, Plaintiff overstates the holding in *Brooks*, which does not condone all group pleading under all circumstances. In *Brooks*, the district court had dismissed a claim where plaintiff failed to plead personal involvement because he made allegations against "one or more of the Defendants." *Id*. at 580. The Seventh Circuit held "the district court was correct to point out that Brooks often uses this vague phrasing, which does not adequately connect specific defendants to illegal acts." *Id*. The *Brooks* court found, however, that plaintiff had pleaded that particular defendants had engaged in certain specific acts; one defendant was alleged to have produced reports; two others allegedly participated in interviews; two more allegedly were present at and/or assisted in interviews. *Id*. Thus, when the plaintiff alleged all "defendants" acted in concert, the individual defendants were on notice of what they allegedly had done. This is completely distinct from Plaintiff's Complaint, which does not apprise the Defendants of what specific acts each is alleged to have taken.

In fact, the Seventh Circuit recently reaffirmed the general principle that group pleading about "defendants" will not always suffice. In *Engel v. Buchan*, 710 F.3d 698 (7th Cir. 2013), the two defendant law enforcement officers argued that the complaint lacked specificity because it referred to "the defendants" without differentiating between them. *Id.* at 710. The Seventh Circuit held, however, that "there is no genuine uncertainty regarding who is responsible for what" since the other parties named as defendants "are nonpersonal entities, so it would make no sense to think the complaint was referring to them when describing these specific, personal

4

actions." *Id*. The court contrasted its holding with *Grieveson v. Anderson,* 538 F.3d 763 (7th Cir. 2008), which held plaintiffs may not rely on "vague references to a group of 'defendants,' without specific allegations tying the individual defendants to the alleged unconstitutional conduct." *Engel,* 710 F.3d at 710.[3]

In this case, Plaintiff's allegations against the five "Prosecutor Defendants" and sixteen "Police Defendants" are far closer to *Grieveson* than to *Engel* or the other cases Plaintiff cites in his Response at 4-7.[4] For instance, it is simply implausible that all "Defendants" engaged in the same tortious acts of interrogation that Plaintiff alleges "continued on and off over a period of four days, culminating in more than 24 hours of near constant interrogation." Complaint at ¶ 52. Plaintiff has had discovery in three criminal trials and consequently, as in *Brooks,* he should be able to specify "a particular defendant as having engaged in certain acts." 578 F.3d at 580.

Finally, contrary to Plaintiff's assertion, the Defendants did not move under FED.R.CIV.P. 12(e) for a more definite statement; rather, they noted only that this Court could *sua sponte* order such a statement if it found the Complaint lacking, as it did in *Hewitt v. Metropolitan Water Reclamation District of Greater Chicago,* 2002 WL 31176252 at *7 (N.D. Ill., Sept. 30, 2002). There is nothing particularly remarkable in this suggestion; in fact, even Plaintiff asks for leave to replead if "the Court finds any deficiency" in the Complaint. Response at 47.

---

[3] In *Grieveson,* plaintiff tried to assert § 1983 claims against seven different officers arising from seven different attacks without tying any particular officer to any particular injury, which was "quite different" from Engel's allegations. *Engel,* 710 F.3d at 710.

[4] Defendants adopt the reply of Defendant Ostertag, discussing each of Plaintiff's cited cases.

**II.    COUNT I ("COERCED AND FALSE CONFESSION - 5TH AMENDMENT") AND COUNT II ("COERCED AND FALSE CONFESSION - 14TH AMENDMENT") SHOULD BE DISMISSED BECAUSE THEY ARE TIME-BARRED**

The Sheriff's Defendants' Reply explains why Counts I and II are time-barred pursuant to the principles of *Wallace v. Kato,* 549 U.S. 384 (2007). The Prosecutor Defendants incorporate by reference and adopt the Sheriff's Defendants' Reply.[5]

**III.   COUNT II SHOULD ALSO BE DISMISSED BECAUSE IT IS PRECLUDED BY OTHER EXPLICIT CONSTITUTIONAL AND STATE LAW REMEDIES**

The Sheriff's Defendants' Reply explains that Count II's substantive due process claim under the Fourteenth Amendment is barred because redress is available under both explicit constitutional provisions (Count I's Fifth Amendment claim) and state law (Plaintiff's malicious prosecution and intentional infliction of emotional distress claims). The Prosecutor Defendants incorporate by reference and adopt the Sheriff's Defendants' Reply.

**IV.    COUNT III ("FEDERAL MALICIOUS PROSECUTION") SHOULD BE DISMISSED BECAUSE PLAINTIFF ADMITS IT IS NOT ACTIONABLE**

Plaintiff admits his claim in Count III for "federal malicious prosecution" is barred by current Seventh Circuit law. Complaint at fn. 1; Response at 26.

**V.     COUNT VI ("FAILURE TO INTERVENE") SHOULD BE DISMISSED BECAUSE IT IS DERIVATIVE OF THE OTHER FEDERAL CLAIMS AND BECAUSE PROSECUTORS HAVE NO DUTY TO INTERVENE**

Claims for "failure to intervene" require an underlying constitutional violation. *See, e.g., Harper v. Albert,* 400 F.3d 1052, 1064 (7th Cir. 2005); *Gordon v. Devine,* 2008 WL 4594354, at *6 (N.D. Ill. Oct. 14, 2008). The Prosecutor Defendants' Motion to Dismiss explained that

---

[5] The Sheriff's Defendants' Reply also explains that the motion to dismiss Count I based on qualified immunity is being withdrawn at this time. The Prosecutor Defendants also withdraw their motion to dismiss Count I based on qualified immunity at this time.

Count VI should be dismissed to the extent that the underlying federal claims upon which it is based are dismissed. While Plaintiff does not agree the underlying claims should be dismissed, he does not contest the basic principle that Count VI is derivative and should be dismissed if the underlying claims are dismissed. Response at 31-32.[6]

The Prosecutor Defendants also moved to dismiss Count VI's failure to intervene claim because "neither the Seventh Circuit, nor any Northern District of Illinois court, has recognized a failure to intervene claim against a prosecutor." *Gordon v. Devine*, 2008 WL 4594354 at *17 (N.D. Ill. Oct. 14, 2008); *see also, Anderson v. Simon*, 217 F.3d 472, 476 (7th Cir. 2000) ("police are not obligated to adhere to the suggestions of the state's attorney's office, a separate and distinct organization with no command authority" over the police department). Every case to address the issue in precisely the same circumstances as this case – where a plaintiff seeks to assert a failure to intervene claim against prosecutors who allegedly worked with police to violate plaintiff's "due process" rights – holds that prosecutors have different roles and powers than police, and the former do not have a duty to intervene with the latter. *Gordon*, 2008 WL 4594354 at *17; *Andrews v. Burge*, 660 F. Supp. 2d 868, at 876 n.6 (N.D. Ill. 2009); *Hobbs v. Cappelluti*, – F. Supp. 2d –, 2012 WL 4499227 at *24 (N.D. Ill., Sept. 28, 2012) (dismissing failure to intervene claim against prosecutors on the basis of *Gordon* and *Andrews*).

In the face of this precedent, Plaintiff first argues that in "each of the cases" cited by the Prosecutor Defendants, "the claims against prosecutors involved actions taken by prosecutors *in*

---

[6] Plaintiff also asserts that through his failure to intervene claim, he can win this case "even if he is *never* able to identify which of the Defendants did what." Response at 7 (emphasis in original). But this might be true *only* if he can identify which Defendant failed to intervene when he had a reasonable opportunity to do so; personal responsibility is still required for a failure to intervene claim. *Edwards v. Two Unknown Male Chicago Police Officers,* 623 F. Supp. 2d 940, 949-50 (N.D. Ill. 2009).

*their prosecutorial capacity* (and therefore implicating absolute immunity)." Response at 33 (emphasis in original). But that is untrue; in *Hobbs,* prosecutors were denied absolute immunity. 2012 WL 4499227 at **19-20.

Plaintiff further asserts the Prosecutor Defendants "chose to act as police officers" while participating in Plaintiff's interrogations, and because they were no longer "prosecutors," they had a duty to intervene with police officers. Response at 34. Not surprisingly, Plaintiff fails to cite a single case to support his argument. Prosecutors who perform an investigatory function may lose the protection of absolute immunity, but they do not cease to be "prosecutors" and become "police" for purposes of assuming a duty to intervene. The Prosecutor Defendants have found no case stating otherwise; to the contrary, for the reasons discussed in the analogous cases of *Hobbs, Andrews* and *Gordon*, the failure to intervene claim should be dismissed against the Prosecutor Defendants.

### VI. COUNT X ("DEFAMATION") BROUGHT AGAINST MERMEL IS BARRED BY ABSOLUTE PRIVILEGE AND FAILS TO STATE A CLAIM BECAUSE THE STATEMENTS ARE OPINIONS NOT "OF OR PERTAINING TO" PLAINTIFF

**A.     Mermel's Statements Are Absolutely Privileged.**

Plaintiff sues Mermel for a state law claim of defamation, based on three statements contained in a published interview with the New York Times. The Prosecutor Defendants' Motion explained that Mermel's statements are protected by the absolute executive privilege recognized by the Illinois Supreme Court in *Blair v. Walker,* 349 N.E.2d 385 (1976). Motion at 10-12. This absolute executive privilege has been applied to prosecutors who make statements to the press, including the State's Attorney and assistant state's attorneys. *See, e.g., Patterson v. Burge,* 328 F. Supp. 2d 878 (N.D. Ill. 2004); *Ware v. Carey,* 394 N.E.2d 690 (1st Dist. 1979);

*Morton v. Hartigan,* 495 N.E.2d 1159 (1st Dist. 1986). Most recently, the court in *Hobbs* dismissed a legally-identical "false light" claim against Defendant Waller related to statements he made to the press about plaintiff, citing *Ware* and applying the absolute privilege. 2012 WL 4499227 at **27-28.

Just as Plaintiff confuses the doctrines of "absolute immunity" and "failure to intervene," Plaintiff also completely misunderstands *Blair*'s "absolute executive privilege" under Illinois law and instead confuses it with the federal common law of "absolute immunity." Response at 41. The two concepts are wholly different, as demonstrated in *Hobbs*. There, the court denied the prosecutors' motion for absolute immunity for their alleged role in plaintiff's interrogation, but granted the motion to dismiss the false light claim based on Illinois' absolute executive privilege. *Compare* 2012 WL 4499227 at **6, 21 *and* **27-28.[7]

In this case, Mermel's statements were absolutely privileged under *Blair,* and Count X should be dismissed on that basis alone.

   **B. Mermel's Statements Were Made as a Prosecutor.**

Plaintiff also seeks to avoid the absolute privilege by asserting that Mermel's statements were made "after his involvement in the criminal case had ended." Complaint at ¶ 182. But this is false: when the statements were published in November 2011, Plaintiff's case was still active and on appeal. *See People v. Rivera,* 2011 IL App (2d) 091060 (2011) (appellate decision reversing Plaintiff's conviction dated December 9, 2011).

---

[7] Plaintiff asserts that *Hobbs* "recently relied on this rule [absolute immunity] to deny a motion to dismiss a similar defamation claim also filed against Mermel." Response at 42. As noted above, this assertion is glaringly wrong in every respect: *Hobbs* <u>granted</u> the motion to dismiss the <u>false light</u> claim, against <u>Waller</u>, based on Illinois' <u>absolute executive privilege</u>.

Plaintiff also alleges that Mermel's statements "were not made in connection with his employment with the Lake County State's Attorney's Office." Complaint at ¶ 182. But this is again untrue, as demonstrated by Plaintiff's Complaint itself, which alleges that it was <u>after</u> these statements were published that Mermel resigned his job as a prosecutor. Complaint at ¶ 184. Further, the New York Times article states that Mermel still worked in the State's Attorney's Office at the time of the interview, also disproving the Complaint's allegations that Mermel's statements "were not made in connection with his employment." *See,* Prosecutor Defendants' Motion, Exhibit A at 5.

Plaintiff labels these facts as "quibbles," asserts the Complaint "pleads sufficient facts to proceed with discovery on this issue" and argues the "motion to dismiss the defamation claim on the basis of absolute immunity should be denied." Response at 43. These assertions are without merit, especially in light of Plaintiff's other misstatements about his defamation claim, which should be dismissed on the basis of absolute privilege (not "immunity").

      **C.**      **Two of Mermel's Statements Are Not "Of Or Concerning" Plaintiff.**

Even if Mermel's three statements are not privileged, two of them are not defamatory because they are plainly not "of or concerning" Plaintiff. Motion at 13. Plaintiff does not dispute this fact. Response at 43-44. Thus, Plaintiff's defamation claim based on these two statements must be dismissed as non-defamatory.[8]

---

[8] The two non-defamatory statements which are not "of or concerning" Plaintiff are: (1) "we don't fold our tents and run . . . we don't quaver because someone holds up three letters: DNA" (Complaint at ¶ 180), and (2) "The example I like to give people," said Defendant Mermel, "is next time you go to a motel room, bring a plastic bag, because the dirtiest thing in the room is the remote control. Everybody has sex and then rolls over and goes, 'I wonder what's on?' .... O.K., so you can find DNA in the form of sperm from 10 different people in that room from that remote control or even on a person who has touched it. And that woman gets murdered in that room tonight and you are going to have a lot of DNA. Is it all going to be forensically significant?" (*Id*. at ¶ 181.)

With regard to Mermel's third statement, Plaintiff asserts there is a "factual dispute" whether it was "of or concerning" Plaintiff, which he argues cannot be resolved on a motion to dismiss. Response at 44. But, the Prosecutor Defendants' Motion did not dispute that the third statement made reference to Plaintiff; instead, it argued that the statement is constitutionally protected opinion. Motion at 13-14.[9]

### D.     Mermel's Third Statement is Constitutionally Protected Opinion.

"If it is clear that the writer is exploring a subjective view, an interpretation, a theory, conjecture or surmise, rather than claiming to be in possession of objectively verifiable facts, the statement is not actionable." *Brennan v. Kadner,* 814 N.E.2d 951, 958 (1st Dist. 2004). A plain reading of Mermel's third statement itself plainly shows it to be a non-actionable opinion, since it was part of "his theory" which he "argues," even though "there was scant evidence to support this sexual-activity theory." Thus, the statement is a non-actionable and protected opinion, because Mermel expressed "a subjective view, an interpretation, a theory, conjecture or surmise, rather than claiming to be in possession of objectively verifiable facts."

---

[9] Plaintiff wrongly claims the third statement is "Holly had sex with someone else on the day of the murder, after which Plaintiff came along and raped (but didn't ejaculate) and murdered Staker." (Complaint at ¶ 178.) In fact, Plaintiff has misquoted and abridged the New York Times article, which reads in full:

> His theory for why there was sperm that did not come from Juan Rivera inside 11-year-old Holly Staker on the day she was murdered is, to his mind, simple and straightforward. She and her twin sister, Heather, were sexually active, Mermel argues, and Holly must have had sex with someone else before Rivera came along and raped (but didn't ejaculate) and murdered her. There was scant evidence to support this sexual-activity theory, but Mermel dismissed that objection. "Nobody is going to admit to having sex with an 11-year-old girl, even if the statute of limitations has run out," he told me. "But there was a lot of evidence that came to our office that these two girls were sexually active."

Prosecutor Defendants' Motion, Exhibit A at 5-6.

Plaintiff asserts "this argument lacks merit," though he offers no contradictory case law or factual analysis in support. Instead, ignoring the statement itself, Plaintiff simply concludes that "Mermel made factual claims that Plaintiff raped and murdered a child, not a statement of pure opinion protected by the First Amendment." Response at 44. Again, however, these assertions are demonstrably wrong, as are all of Plaintiff's arguments about his defamation claim, which should be dismissed.

## CONCLUSION

For the above-stated reasons, for the reasons stated in the Prosecutor Defendants' Motion to Dismiss, and for the reasons stated in the co-Defendants' motions and replies, all of the claims against the Prosecutor Defendants in Plaintiff's Complaint should be dismissed.

Dated: May 9, 2013　　　　　　　　　　　　RESPECTFULLY SUBMITTED,

　　　　　　　　　　　　　　　　　　　　　　/s/ **Jeffrey N. Given**
　　　　　　　　　　　　　　　　　　　　　　Jeffrey N. Given, Attorney No. 06184989
　　　　　　　　　　　　　　　　　　　　　　*One of the Attorneys for Defendants Michael*
　　　　　　　　　　　　　　　　　　　　　　*Waller, Jeffrey Pavletic, Matthew Chancey, Steven*
　　　　　　　　　　　　　　　　　　　　　　*McCollum*, and *Michael Mermel*

James G. Sotos
Elizabeth A. Ekl
Jeffrey N. Given
Elizabeth K. Barton
THE SOTOS LAW FIRM, P.C.
550 East Devon, Suite 150
Itasca, Illinois 60143
Tel: (630) 735-3300
Fax: (630) 773-0980
jgiven@jsotoslaw.com

12

## CERTIFICATE OF SERVICE

       I hereby certify under penalty of perjury pursuant to 28 U.S.C.A. § 1746 that the foregoing is true and correct, that on Thursday, May 9, 2013, I electronically filed the foregoing **Defendants Michael Waller, Jeffrey Pavletic, Matthew Chancey, Steven McCollum, and Michael Mermel's Reply in Support of Motion to Dismiss** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants listed on the attached Service List.

       /s/ Jeffrey N. Given
       JEFFREY N. GIVEN, Atty No. 06184989
       *One of the attorneys for Defendant Lake County*

**SERVICE LIST**
*Rivera v. Lake County, et al.*
Case No.: 12 cv 08665

**Attorneys for Plaintiff**
Arthur R. Loevy
Jonathan I. Loevy
Elizabeth N. Mazur
Russell R. Ainsworth
Michael I. Kanovitz
Steven Edwards Art
Scott R. Rauscher
Loevy & Loevy
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900
(312) 243-5902 (fax)
loevylaw@loevy.com
jon@loevy.com
elizabethm@loevy.com
russell@loevy.com
mike@loevy.com
steve@loevy.com
scott@loevy.com

Locke E. Bowman, III
Sheila A. Bedi
David M. Shapiro
Roderick MacArthur Justice Center
Northwestern University School of Law
357 East Chicago Avenue
Chicago, IL 60611
(312) 503-0844
(312) 503-1272 (fax)
l-bowman@law.northwestern.edu
sheila.bedi@law.northwestern.edu
david.shapiro@law.northwestern.edu

J. Samuel Tenenbaum
Bluhm Legal Clinic
357 East Chicago Avenue
Chicago, IL 60611
(312) 503-4808
s-tenenbaum@law.northwestern.edu

**Attorneys for David Ostertag**
Kevin J. Clancy
Lowis & Gellen
200 West Adams Suite 1900
Chicago, IL 60606 (312) 364-2500
kclancy@lowis-gellen.com

**Attorneys for Village of Buffalo Grove, City of Lake Forest, James Held, Robert Boone, Gary Del Re**
Jason S. Callicoat
Paul Alan Rettberg
Brandon K. Lemley
Querrey & Harrow, Ltd.
175 West Jackson Boulevard
Suite 1600
Chicago, IL 60604
(312) 540-7000
jcallicoat@querrey.com
prettberg@querrey.com
blemley@querrey.com

**Attorneys for Michael Maley & James Gentilcore**
Marni M. Malowitz
Laura M. Rawski
Michael D. Arnold
Illinois Attorney General's Office
100 W. Randolph St.
13th Floor
Chicago, IL 60601
(312) 814 3700
mmalowitz@atg.state.il.us
Lrawski@atg.state.il.us
marnold@atg.state.il.us

**Attorneys for John Reid & Associates, Inc.**
Charles Frank Marino
David M. Marino
Attorney at Law
100 West Monroe Street Suite 902
Chicago, IL 60603
(312)236-4260
monsuite@aol.com

Robert E. Haley
Alfred Kirkland Murray, II
Swanson, Martin & Bell, LLP
330 North Wabash
Suite 3300
Chicago, IL 60611
(312) 321-9100
rhaley@smbtrials.com
amurray@smbtrials.com

**Attorneys for City of Waukegan, Lucian Tessman, Donald Meadie, Fernando Shipley, Howard Pratt, Richard Davis, Phillip Stevenson**

Ellen Kornichuk Emery
Thomas George DiCianni
Lucy B. Bednarek
Ancel, Glink, Diamond, Bush, DiCianni & Krafthefer, P.C.
140 South Dearborn Street
6th Floor
Chicago, IL 60603
(312) 782-7606
eemery@ancelglink.com
tdicianni@ancelglink.com
lbednarek@ancelglink.com

**Attorneys for Lake County Major Crimes Task Force**

James L. DeAno
Howard P. Levine
Laura L. Scarry
Collin D. Woodward
DeAno & Scarry, LLC
53 W. Jackson Blvd.
Suite 550
Chicago, IL 60604
jdeano@deanoandscarry.com
hlevine@deanoandscarry.com
lscarry@deanoandscarry.com
cwoodward@deanoandscarry.com

15