IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| JUAN A. RIVERA, JR., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 12 C 8665 |
| | ) | |
| v. | ) | Hon. Harry D. Leinenweber |
| | ) | |
| LAKE COUNTY, *et al.*, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF RELEVANT ELECTRONICALLY STORED DOCUMENTS

Pursuant to Federal Rule of Civil Procedure 37, Plaintiff, JUAN A. RIVERA, JR., moves to compel Defendants Buffalo Grove, John Reid & Associates, Lake County, Lake Forest, and Waukegan (together, the "Entity Defendants"[1]), to complete production of electronically stored documents ("ESI") responsive to Plaintiff's First Set of Requests for Production by October 13, 2014, stating in support:

### INTRODUCTION

1. Mr. Rivera filed this case in December 2012, seeking redress for Defendants' roles in his wrongful conviction for raping and murdering Holly Staker.

2. After the Court denied Defendants' motions to dismiss and the parties held their Rule 26(f) scheduling conference, Mr. Rivera served his First Set of Requests for Production ("Requests") nearly one year ago, in December 2013. Ex. 1, First Set of Requests for Production to Entity Defendants.

---

[1] This motion is directed toward the Entity Defendants because the Individual Defendants have indicated that they do not have relevant emails beyond those stored by the Entity Defendants.

3. The Court subsequently entered a schedule setting January 31, 2015, as the close of discovery in this case. Dkt No. 260.

4. Plaintiff has attempted to work cooperatively with Defendants to ensure that all relevant ESI is produced in an efficient and timely manner, including by holding multiple telephonic conferences and exchanging written correspondence pursuant to Local Rule 37.2, but the parties have been unable to come to an agreed schedule for the production of ESI without Court intervention.

5. Plaintiff therefore brings this motion to ensure that he receives all relevant ESI with sufficient time to conduct all necessary depositions in this case.

## PLAINTIFF'S DISCOVERY EFFORTS

6. Plaintiff's First Set of Request for Production specifically defined Document to include electronically stored information, and specifically requested production of electronically stored information in its native format, as permitted by the Federal Rules of Civil Procedure. Ex. 1 at ¶¶14-15.

7. Defendants did not object to producing electronically stored information in native format, and they did not raise any specific concerns about the production of electronically stored documents, as they would have been required to do to preserve any objections. *See, e.g.*, Ex. 2, Lake County Response to Plaintiff's First Set of Requests for Production; Ex. 3, Waukegan's Response to Plaintiff's First Set of Requests for Production. Plaintiff expected that Defendants would produce such documents together with their production of hard copy documents. *See* Fed. R. Civ. P. 34(b)(2)(D),(E).

8. Yet, it subsequently became clear that Defendants had not collected and produced their relevant emails.

9. On July 8, 2014, counsel for the Lake County Defendants wrote Plaintiff that it was "probably an appropriate time to discuss how we want to handle production of ESI," to which Plaintiff promptly responded by explaining that he expected Defendants to already have made substantial progress toward producing ESI, and that he expected production to be completed before Defendants' depositions began. Ex. 4, email string between E. Ekl and S. Art.[2] With a limited time to complete discovery and a substantial number of depositions (including Defendant depositions then-scheduled for the summer of 2014), Plaintiff sought Defendants' agreement to sit for additional, limited depositions if Plaintiff needed to ask Defendants about later-produced emails. Ex. 5, July 17, 2014 letter from S. Rauscher.

10. Because none of the Defendants agreed to that proposal, Plaintiff was forced to reschedule all of Defendants' depositions. Ex. 6, July 22, 2014 letter from S. Rauscher.

11. In doing so, Plaintiff made clear that he expected Defendants to produce their electronically stored information well before Defendants' rescheduled depositions. *Id.*

12. To expedite the belated email productions, Plaintiff proposed search terms–more than two months ago, in early July–to narrow the universe of

---

[2] As Plaintiff explained in response to that email from the Lake County Defendants, he had already been separately addressing ESI with various other Defendants through the meet and confer process.

3

potentially responsive documents that Defendants would need to review. Ex. 7, July 16, 2014 letter from S. Rauscher.

13. Nonetheless, the Entity Defendants that are the subject of this motion have not produced their relevant emails or provided Plaintiff with an estimate as to when they might complete their productions.

**ENTITY DEFENDANTS' FAILURE TO PRODUCE RELEVANT EMAILS**

14. As set forth below, the Entity Defendants have failed to timely produce their emails to Plaintiff:

    a. **Lake County:** Lake County has made little progress toward producing relevant emails. It appears to have only searched for documents containing the term "Juan Rivera" despite having Plaintiff's proposed search terms for more than two months, and it has not even produced the limited number of relevant, non-privileged documents that it has acknowledged the search for "Juan Rivera" returned.[3] Without running the searches to see how many documents the remaining search terms would return, Lake County simply complained about the breadth of Plaintiff's proposed search terms. But Lake County did not provide Plaintiff with suggested alternative search terms until September 9, 2014. Ex. 8, letter from C. Golden. Plaintiff promptly responded to that counter-proposal by offering a compromise list of search terms, but Lake County has not yet responded to that counter-proposal. Ex. 9, letter from S. Rauscher. In short, there has been little

---

[3] Because they have not produced a privilege log for the emails they claim are privileged, Plaintiff has not been able to fully evaluate their privilege claim.

toward the production of the Lake County Defendants' emails, and they have not suggested when their production will be complete.

b. **Buffalo Grove:** Buffalo Grove appears to have made even less progress than Lake County, sending Plaintiff a letter on September 9, 2014 that identified three custodians it believes may have responsive documents but also making clear that it had not yet determined what relevant documents those custodians may have. Ex. 10, letter from C. Woodward to S. Rauscher. Again, Plaintiff promptly responded to that letter but has not received any further update from Buffalo Grove. Ex. 11, letter from S. Rauscher.

c. **Waukegan:** Waukegan has indicated that it ran Plaintiff's proposed search terms, and it has suggested that some of the search terms resulted in many irrelevant documents being collected, but it has not offered concrete proposals for finishing its review and production of the relevant emails returned by the searches or provided an estimate for when it will finish that production. Ex. 12, letter from M. Furlong to S. Art. And importantly, the emails that Waukegan has failed to produce include highly relevant emails from the reinvestigation, which Waukegan promised to prioritize months ago. Plaintiff is willing to continue to work with Waukegan to narrow the universe of potentially relevant documents that Waukegan needs to review, but that process needs an end date, and Waukegan has not provided one.

d. **Lake Forest:** Lake Forest ran Plaintiffs' proposed search terms shortly after Plaintiff provided them, and has begun to review the emails that hit on those search terms. Plaintiff has continued to work with Lake Forest to weed out non-responsive documents in a way that lessens any burden on Lake Forest (for example, by agreeing that certain specific categories of emails were likely non-responsive and need not be further reviewed, produced to Plaintiff, or logged as being withheld). Nonetheless, this motion is necessary because Lake Forest has not yet produced its relevant emails and is unable to give Plaintiff a timetable for doing so.

e. **Reid & Associates:** John Reid & Associates indicated that it may not have any relevant emails, but it has not yet confirmed that in writing or provided details about how it conducted its search for relevant documents.

## DEFENDANTS SHOULD PRODUCE EMAILS BY OCTOBER 13, 2014

15. With discovery scheduled to end in January 2015, and with the large number of Defendant depositions that must be taken (and the large number of attorney schedules that must be accommodated when scheduling those depositions), Plaintiff has begun rescheduling Defendant depositions despite not having the Defendants' relevant ESI.

16. The first Defendant deposition has been rescheduled for October 9, 2014, and others will take place throughout October and November.

17. Plaintiff is concerned that he will be prejudiced by Defendants' lengthy delay in producing relevant emails because he will be forced to take depositions

without those documents, and Defendants' counsel have not agreed to produce their witnesses for more than one deposition, despite the fact that they have not produced responsive documents.

18. To avoid this prejudice, Plaintiff respectfully requests that the Court order Defendants to produce all ESI, including emails, responsive to Plaintiffs' discovery requests, by no later than October 13, 2014. That will be nearly one year after Plaintiff served the relevant document requests, which by any measure should be sufficient time to produce relevant documents.

19. Plaintiff also respectfully requests that if relevant emails are produced after he deposes any of the Defendants, he be given leave to take additional depositions of those Defendants for the limited purpose of questioning them about the later-produced emails.

## CONCLUSION

20. For the reasons set forth above, Plaintiff respectfully submits that an order compelling production by no later than October 13, 2014, is necessary to avoid the prejudice that Plaintiff will face if he is forced to take key depositions without relevant documents.

WHEREFORE, Plaintiff respectfully requests that the Court order the Defendants to produce all ESI responsive to Plaintiff's First Set of Requests for Production by October 13, 2014.

RESPECTFULLY SUBMITTED,

**JUAN A. RIVERA, JR.**

BY: /s/ Scott Rauscher
*One of Plaintiff's Attorneys*

*Attorneys for Juan A. Rivera, Jr.*

| | |
|---|---|
| Arthur Loevy | Locke E. Bowman |
| Jon Loevy | Sheila Bedi |
| Michael Kanovitz | David Shapiro |
| Russell Ainsworth | Alexa Van Brunt |
| Elizabeth Mazur | RODERICK MACARTHUR JUSTICE CENTER |
| Scott Rauscher | Northwestern University School of Law |
| Steven Art | 375 E. Chicago Avenue |
| LOEVY & LOEVY | Chicago, Illinois 60611 |
| 312 N. May St., Ste. 100 | (312) 503-0844 |
| Chicago, IL 60607 | |
| (312) 243-5900 | J. Samuel Tenenbaum |
| | BLUHM LEGAL CLINIC |
| | Northwestern University School of Law |
| | 375 E. Chicago Avenue |
| | Chicago, Illinois 60611 |
| | (312) 503-8576 |

CERTIFICATE OF SERVICE

I, Scott Rauscher, an attorney, certify that on September 30, 2014, I caused the foregoing to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Scott Rauscher
*One of Plaintiff's Attorneys*

*Attorneys for Juan A. Rivera, Jr.*

| | |
|---|---|
| Arthur Loevy | Locke E. Bowman |
| Jon Loevy | Sheila Bedi |
| Michael Kanovitz | David Shapiro |
| Russell Ainsworth | Alexa Van Brunt |
| Elizabeth Mazur | RODERICK MACARTHUR JUSTICE CENTER |
| Scott Rauscher | Northwestern University School of Law |
| Steven Art | 375 E. Chicago Avenue |
| LOEVY & LOEVY | Chicago, Illinois 60611 |
| 312 N. May St., Ste. 100 | (312) 503-0844 |
| Chicago, IL 60607 | |
| (312) 243-5900 | J. Samuel Tenenbaum |
| | BLUHM LEGAL CLINIC |
| | Northwestern University School of Law |
| | 375 E. Chicago Avenue |
| | Chicago, Illinois 60611 |
| | (312) 503-8576 |