IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN A. RIVERA, JR., | ) |
| | ) Case No. 12 C 8665 |
| Plaintiff, | ) |
| | ) Hon. Harry D. Leinenweber |
| v. | ) |
| | ) |
| LAKE COUNTY, *et al.*, | ) |
| | ) JURY TRIAL DEMANDED |
| Defendants. | ) |

**MOTION FOR AN ORDER OF THIS COURT
TO OBTAIN GRAND JURY MINUTES**

Now comes Petitioner, JUAN A. RIVERA JR., by his attorneys, and respectfully requests an Order of this Court permitting counsel of record in the federal lawsuit captioned Juan A. Rivera Jr. v. Lake County, et al., Case No. 12-CV-8665, to hold certain grand jury minutes in attorneys' eyes only confidence until further order of this Court. In support, Petitioner states as follows:

**Introduction**

Mr. Rivera filed a federal civil rights lawsuit in December 2012 seeking redress for Defendants' roles in his wrongful conviction for the rape and murder of Holly Staker. After filing suit, Petitioner was informed that counsel for the Lake County Defendants and the Waukegan Defendants possessed grand jury minutes pertaining to this case. Petitioner brings this Motion to request an Order of this Court permitting counsel of record to obtain the grand jury transcripts, which will be held in attorneys' eyes only confidence until further Court order.

1

It appears that there are two sets of grand jury materials being withheld from Plaintiff in his civil case: one from grand jury proceedings relating to the original investigation into the rape and murder of Holly Staker, for which he was wrongfully convicted; and another from the reinvestigation into the rape and murder of Holly Staker, which apparently began sometime after Plaintiff's conviction was reversed in December 2011. Defendants agree that the grand-jury material from the original investigation should be produced in Plaintiff's civil case (but require a Court order before production to ensure that they are not violating grand-jury secrecy laws). Therefore, only the material in dispute relates to the reinvestigation. As described below, that material should also be produced, as this Court has already ruled that Plaintiff is entitled to all materials relating to the reinvestigation. *Ex.* 1.

## Argument

In deciding whether to permit the disclosure of grand jury materials, courts apply a three-prong test: (1) whether the material is needed to avoid a possible injustice in another judicial proceeding; (2) the need for disclosure is greater than the need for continued secrecy, and (3) the request is structured to cover only material so needed. *Board of Educ. V. Verisario*, 143 Ill. App. 3d 1000, 10009, 493 N.E.2d 355, 360 (2nd Dist. 1986). Here, every element favors production.

### I. Permitting Disclosure is Needed to Prevent Injustice

Under the present circumstances, this Motion satisfies the first prong because without an order from this Court, a substantial injustice would result. Namely, one set of Defendants in this action will have access to the minutes and other grand jury materials while the Plaintiff (and presumably the remaining Defendants) will not. Under similar circumstances, courts have ordered disclosure of grand jury transcripts. *See In re Cement-Concrete Block, Chicago Area*, 381 F. Supp. 1108, 1110 (N.D. Ill. 1974) (permitting disclosure of grand jury transcripts to

attorneys in subsequent civil case "for use in that litigation only for purposes of impeachment, refreshing the witness' recollection and testing credibility"); *State of Illinois v. Harper & Row Publishers, Inc.*, 50 F.R.D. 37, 40 (N.D. Ill. 1969) (releasing grand jury transcripts under a protective order). In *In re Cement-Concrete Block, Chicago Area*, 381 F. Supp. 1108, a grand jury returned indictments against a number of defendants for violations of criminal anti-trust laws. In the course of criminal proceedings, the defendants viewed portions of the transcripts. Subsequently, the State of Illinois sought civil remedies in a suit against Defendants. The State of Illinois requested that the court overseeing the grand jury authorize disclosure of the grand jury minutes, as Petitioner seeks to do here. The court granted the request, concluding that, "it seems to the court highly inequitable and adverse to the principles of federal discovery to allow the defendants in a civil suit access to grand jury transcripts but not the plaintiffs." *Id.* at 1111. The Petitioner seeks the same relief here, as he should be placed on equal footing with the Defendants who currently possess this material.

II. **The Reasons Supporting Disclosure Greatly Outweigh the Need for Continued Secrecy**

It is well established in Illinois that the "secrecy" provisions attending the grand jury proceedings are designed to protect five distinct privacy elements: (1) to prevent escape of those indicted; (2) to insure the grand jury freedom; (3) to forestall subornation of perjury with witnesses who may testify before the grand jury and later at trial of those indicted by it; (4) to encourage free and untrammeled disclosures by persons who have some information with respect to the commission of crimes; and (5) to protect the innocent person, who is accused but

3

exonerated, against unwarranted exposure[1]. *People v. French*, 51 Ill. App. 2d 439, 441-442, 209 N.E.2d 505, 506 (2nd Dist. 1965).

The first, second, third, and fifth factors cut strongly against absolute secrecy once the grand jury returns an indictment, as it did here against Petitioner on multiple occasions. Likewise, limiting disclosure to attorneys' eyes only moots any issues with suborning perjury. The fifth factor also favors disclosure because the grand jury returned indictments for all of the persons accused of a crime. *See Board of Educ. V. Verisario*, 143 Ill. App. 3d 1000, 1011, 493 N.E.2d 355, 361 (2nd Dist. 1986) ("The first three reasons are no longer applicable because the grand jury has concluded its investigation. The fifth reason is inapplicable where the accused is indicted." citing 1 C. Wright, Federal Practice and Procedure: Criminal § 106, at 244 (2d ed. 1982)). In regards to grand jury minutes from proceedings conducted after Petitioner's exoneration, this Court has already decided that any alleged law enforcement privilege is protected by the confidentiality orders that have already been agreed upon by all parties and entered by the Court in that case. *Exs.* 2, 3.

The fourth factor, dealing with the ability of the grand jury to freely deliberate, is likewise in favor of the limited disclosure contemplated here because no recording of the grand jury's deliberation is at issue in this case. *See People v. Johnson*, 31 Ill. 2d 602, 606, 203 N.E.2d 399, 401 (1965) (ordering disclosure of grand jury transcript and concluding that "[t]here will be no impediment to future grand jury deliberations since such deliberations will remain secret."). Indeed, it is difficult to discern what possible interest could be impaired by the release of these minutes. It is also worth noting that counsel for the Defendant Lake County Prosecutor's Office

---

[1] Some courts impose a sixth factor: "To prevent any persons from annoying the grand jurors." *See, e.g., In Re Bullock*, 103 F. Supp. 639, 642 (D.C. Cir. 1952). Because no grand juror is identified in the grand jury minutes, this factor also swings the scale in favor of disclosure.

has no objection to counsel of record on the federal case possessing the Grand Jury minutes prior to Plaintiff's exoneration on an attorneys' eyes only basis. *Ex.* 4.[2]

Moreover, it cannot be said that any grand jury witnesses will suffer any injustice by the parties' use of the grand jury minutes. As the Illinois Supreme Court has explained,

> Finally, it is in no sense unfair to a witness who testifies at the trial to reveal his previous testimony. 'If he tells the truth, and the truth is the same as he testified before the grand jury, the disclosure of the former testimony cannot possibly bring to him any harm...which his testimony on the open trial does not equally tend to produce. If, on the other hand, he now testifies falsely, or if he testifies truly but formerly falsely, he is in no way a person who ought to have any privilege.'

*Id.*, quoting 88 Wigmore on Evidence, 3d ed., §2362.

Additionally, there is no "continuing secrecy" as the grand jury minutes have already been disclosed to counsel for the Lake County Defendants. Furthermore, there is no need to keep the grand jury minutes from Plaintiff's lawyers in this case because Plaintiff cannot legitimately be considered a suspect any longer. Once the reasons for the rule of secrecy lose their relevancy, there is no compelling reason to immunize a witness' prior testimony before the grand jury from later scrutiny. *Allen v. United States*, 390 F.2d 476 (D.C. Cir. 1968).

## Conclusion

An injustice would occur here if counsel for one set of Defendants were able to possess and use grand jury minutes while the Plaintiff and other Defendants could not. Petitioner's Motion properly limits the threat of unwarranted disclosure by restricting access to the minutes only to counsel of record in this federal suit. Petitioner has demonstrated cause to authorize the limited disclosure requested here.

---

[2] For the same reason, the fact that the production may include documents relating to an open grand jury should not prevent the production of those documents on an attorneys' eyes only basis.

5

RESPECTFULLY SUBMITTED,

**JUAN A. RIVERA, JR.**

BY: /s/ Elliot Slosar
*One of Plaintiff's Attorneys*

| | |
|---|---|
| Arthur Loevy | Locke E. Bowman |
| Jon Loevy | Sheila Bedi |
| Michael Kanovitz | David Shapiro |
| Russell Ainsworth | Alexa Van Brunt |
| Elizabeth Mazur | RODERICK MACARTHUR JUSTICE CENTER |
| Scott Rauscher | Northwestern University School of Law |
| Steven Art | |
| Elliot Slosar | 375 E. Chicago Avenue |
| LOEVY & LOEVY | Chicago, Illinois 60611 |
| 312 N. May St., Ste. 100 | (312) 503-0844 |
| Chicago, IL 60607 | |
| (312) 243-5900 | J. Samuel Tenenbaum |
| | BLUHM LEGAL CLINIC |
| | Northwestern University School of Law |
| | 375 E. Chicago Avenue |
| | Chicago, Illinois 60611 |
| | (312) 503-8576 |

## CERTIFICATE OF SERVICE

    I, Elliot Slosar, an attorney, hereby certify that on December 23, 2014 I filed the foregoing Motion using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Elliot Slosar
*One of Plaintiff's Attorneys*